UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MOHAMMAD NAJAFPIR**, <br><br> Plaintiff, <br><br> v. <br><br> **WELLS FARGO BANK, N.A. ET AL.**, <br><br> Defendants. | Case No. 4:24-cv-03372-YGR <br><br><br> **ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT** <br><br> Re: Dkt. No. 96 |

Pending before the Court is defendant Wells Fargo's motion to dismiss plaintiff Mohammad Najafpir's Equal Credit Opportunity Act ("ECOA") claim, which he re-pled in his Third Amended Complaint. ("TAC".) Wells Fargo also moves to dismiss plaintiff's claim for breach of the implied covenant of good faith and fair dealing, which plaintiff did not attempt to re-plead in his intervening Second Amended Complaint. Having carefully considered the papers submitted and the pleadings in this action, and for the reasons explained below, the Court **GRANTS** the motion to dismiss with prejudice.[1]

## I. BACKGROUND

The Court set forth the facts of this case in its prior orders, which it incorporates here. (Dkt. Nos. 77, 94.)

On July 2, 2025, the Court granted in part Wells Fargo's first motion to dismiss and

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

United States District Court <br> Northern District of California

permitted plaintiff leave to amend three of his claims, including plaintiff's claims based on the ECOA and breach of the implied covenant of good faith and fair dealing. (Dkt. No. 77.) The Court held that the plaintiff had stated a plausible fraud claim. (*Id.*) Plaintiff then filed an second amended complaint where he elected to amend only his ECOA claim. (Dkt. No. 78.) On November 12, 2025, the Court granted Wells Fargo's second motion to dismiss with leave to amend, finding that plaintiff had again failed to state a plausible ECOA claim because he did not sufficiently plead that Wells Fargo acted with a discriminatory intent or motive, or otherwise identify a specific Wells Fargo policy that had a disparate impact on a protected class. (Dkt. No. 94.)

On December 3, 2025, plaintiff amended his complaint for a third time. (Dkt. No. 95.) He now advances claims for fraud, breach of the implied covenant of good faith and fair dealing, and the ECOA. (*Id.*) Wells Fargo again moved to dismiss.

Like before, plaintiff alleges that his is "an Iranian-American and of Islamic religion." (TAC ¶¶ 7, 11, 39.) Plaintiff alleges that "Wells Fargo treated Plaintiff differently from similarly situated borrowers by misclassifying his single-family property as 'three units,' relying on inaccurate MLS data, imposing obsolete and inconsistent requirements tied to a 'then-applicable policy,' demanding unnecessary documents and modifications, and subsequently contradicting its own position when its refinance division (Nancy Walker) confirmed the property was single-family and the 4.5% rate 'should not have happened.'" (*Id.* ¶ 40.)

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). That requirement is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss under Rule 12(b)(6), the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff. *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011). Even under the liberal pleading standard of Federal Rule of Civil

United States District Court
Northern District of California

Procedure 8, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). The court will not assume facts not alleged, nor will it draw unwarranted inferences. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." (citation omitted)). Where a plaintiff appears *pro se*, as in this case, the court must construe the plaintiff's pleadings liberally, holding them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.  DISCUSSION

Wells Fargo moves to dismiss plaintiff's third amended complaint on two grounds: that plaintiff again fails to state an ECOA claim based on a disparate-impact or disparate-treatment theory; and that plaintiff cannot revive his claim for breach of the implied covenant of good faith and fair dealing. The Court addresses each.

### A.  EQUAL CREDIT OPPORTUNITY ACT CLAIM

Plaintiff alleges that Wells Fargo violated the ECOA by "discriminating against Plaintiff with respect to the terms and conditions of his refinance application, including the assessment of his property, the imposition of unsupported demands, and the ultimate denial and/or worsening of credit terms" and by "treating [him] differently from similarly situated borrowers." (TAC ¶¶ 38, 40.) The ECOA prevents creditors, like Wells Fargo, from "discriminat[ing] against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, [or] national origin . . . ." 15 U.S.C. § 1691(1)(a).

To state a claim under the ECOA, a plaintiff must plausibly allege "that (1) the plaintiff was an applicant; (2) the defendant was a creditor; and (3) the defendant discriminated against the plaintiff with respect to any aspect of a credit transaction on the basis of the plaintiff's membership in a protected class." *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039,

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1045 (N.D. Cal. 2009). To allege discrimination, plaintiff can allege that he belongs to a protected class *and* suffered either (a) disparate treatment from Wells Fargo or (b) a disparate impact from a Wells Fargo policy. *Pfaff v. U.S. Dep't of Rous. & Urban Dev.*, 88 F.3d 739, 745 (9th Cir. 1996).

### 1.   Protected Class

Plaintiff  alleges that he is Iranian-American and Muslim. (TAC ¶ 39.) Those allegations once again satisfy the protected class requirement.

### 2.   Disparate Treatment

To allege disparate treatment, plaintiff must plead that he (a) "belongs to a protected class; (b) applied for credit with defendants; (c) was qualified for credit; and (d) was denied credit despite being qualified." *Brown v. City Nat'l Bank*, 2024 WL 201360, at *4 (N.D. Cal. Jan. 18, 2024). "Discriminatory intent or motive is a necessary element of any disparate treatment claim under the ECOA." *Id.* (citing *Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012)).

Once again, plaintiff fails to plead allegations that satisfy the discriminatory intent or motive requirement. He pleads no new allegations from those that the Court previously rejected. In his complaint, plaintiff cites case law that supposedly states that Wells Fargo's "shifting explanations" for its actions support an inference of discriminatory intent and "contradictory underwriting determinations create a plausible inference of pretext." (TAC ¶ 41.) Plaintiff—for the *third* time—cites to "cases" that do not exist. Plaintiff presumably used artificial intelligence that hallucinated those cases. Non-existent cases cannot, by definition, stand for the proposition asserted.[2]

Accordingly, plaintiff once again fails to allege an ECOA claim based on disparate treatment.

### 3.   Disparate Impact

To state a claim under a disparate treatment theory, a plaintiff must plead: (1) the existence of an outwardly neutral practice or policy; (2) a significantly adverse or disproportionate impact

---

[2] Because plaintiff has shown that he cannot responsibly use artificial intelligence tools, the Court hereby **PROHIBITS** plaintiff from using artificial intelligence in asserting legal arguments filed with the Court. Should plaintiff again cite to a hallucinated case, the Court will consider appropriate sanctions.

on applicants of a particular type produced by the defendant's facially neutral practice or policy; and (3) facts demonstrating a causal connection between the specific challenged practice or policy and the alleged disparate impact. *Stout v. Potter*, 276 F.3d 1118, 1121 (9th Cir. 2002).

The Court has twice dismissed plaintiff's complaint because plaintiff failed to identify a specific Wells Fargo policy or practice that caused his harm. "[I]t is not enough to simply allege that there is a disparate impact . . . or point to a generalized policy that leads to such an impact." *Smith v. City of Jackson*, 544 U.S. 228, 241 (2005).

Plaintiff's third amended complaint fails to identify any Wells Fargo neutral policy or practice, let alone one that causes a disparate impact on a protected group. Rather than correct pleading errors that the Court identified in its last order, plaintiff appears to have abandoned any disparate impact theory in favor of challenging his individual experience with Wells Fargo.

Because plaintiff also fails to plead a disparate impact, the Court **DISMISSES** plaintiff's ECOA claim *without* leave to amend. The Court has provided plaintiff three opportunities to correct his pleading failure. He did not do so, and the Court has determined that any further amendment to the claim would be futile.

**B.    BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

Plaintiff was not afforded leave to amend his breach of the implied covenant of good faith and fear dealing claim, which he previously abandoned. The Court will not permit plaintiff to resurrect that claim now. Ruling otherwise would allow a plaintiff to piecemeal amend its complaint and claims until it finds a theory that sticks.

**IV.    CONCLUSION**

The Court **GRANTS** Wells Fargo's motion to dismiss the ECOA claim and the breach of the covenant of good faith and fair dealing claim with prejudice. Plaintiff may proceed in litigating his fraud claim.

Wells Fargo shall file its answer to plaintiff's third amended complaint within twenty-one (21) days of this order.

This terminates Dkt. No. 96.

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Date: April 3, 2026

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**